Filed 12/12/24  P. v. Washington CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SHANE WASHINGTON,<br><br>    Defendant and Appellant. | B334803<br><br>(Los Angeles County Super. Ct. No. TA135789) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Reversed and remanded with directions.

California Appellate Project, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising

Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Michael Shane Washington (defendant) argues that the trial court erred, during an August 2023 resentencing, in not striking a one-year sentencing enhancement for serving a prior prison term (Pen. Code, § 667.5, subd. (b)).[1] The Attorney General agrees the enhancement should be stricken. We also agree, and reverse the judgment and remand with directions to strike the one-year enhancement.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts[2]

#### A. *The underlying crime*

In November 2014, defendant was a member of the 89 Family Swans street gang, which is affiliated with the Bloods street gang. Late on a Saturday night that month, he traveled to a housing complex in the territory of the rival Avalon Garden Crips street gang, knocked on the door of a random apartment, and asked the 20-year-old man who answered the door, "Where you from?"; when the man responded "Avalon," defendant shot him in the chest and killed him.

#### B. *Prosecution, conviction and appeal*

In the operative information, the People charged defendant (and others) with murder (§ 187, subd. (a)), alleged that

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We draw these facts from our prior, published appellate opinion affirming defendant's convictions. (*People v. Washington* (2017) 15 Cal.App.5th 19 (B270506).)

defendant had personally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)), and alleged that the murder had been committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subds. (b)(1)(C) & (b)(5)).  The People also alleged that defendant served a prior prison term for his 2012 assault with a deadly weapon conviction (§ 667.5, subd. (b)).

A jury found defendant guilty of first-degree murder and found true all of the further allegations.

The trial court sentenced defendant to prison for a term of 51 years to life.  Specifically, the court imposed a sentence of 25 years to life for the first-degree murder.  The court then imposed a consecutive sentence of 25 years to life for the firearm enhancement.  The court then imposed a consecutive one-year sentence for the prior prison term.

We affirmed defendant's conviction on appeal.

After seeking review from the California Supreme Court, defendant's conviction became final in June 2018.

## II.    Procedural Background

In June 2018, defendant filed a petition for a writ of habeas corpus seeking, among other things, a resentencing hearing to avail himself of then-newly enacted Senate Bill 620, which granted trial courts a newfound discretion to strike the firearm enhancement.  In May 2019, the California Supreme Court issued an order to show cause—returnable to the Los Angeles Superior Court—on just that issue.

After extensive briefing, the trial court set a resentencing hearing for August 7, 2023.[3]  At the hearing, the trial court noted

---

[3]    The resentencing occurred before the same judge that originally sentenced defendant, after the People requested and

3

that defendant had "brought up" "the issue" of the continued validity of his "one-year" enhancement for his "prior" prison term, but the court did not discuss that enhancement further. Instead, the court entertained argument on whether to strike the 25-year firearm enhancement. The court ultimately declined to do so, finding that it was not "in the interest of justice" and "public safety" to strike the enhancement because defendant's crime of "walk[ing] into rival gang territory[] with a loaded firearm," "knock[ing] on a random person's door," and "execut[ing]" the person who answered the door for giving the wrong answer to defendant's gang challenge was "cold-blooded" and "ruthless."

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in not striking the one-year enhancement for serving a prior prison term.

Enacted as part of Senate Bill 483, section 1172.75 declares "legally invalid" all one-year sentencing enhancements for serving a prior prison term except when the prior prison term was served for a "sexually violent offense." (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3.) Section 1172.75 obligated the Department of Corrections and Rehabilitation to "identify" the defendants eligible to have their enhancements stricken, and to notify the pertinent trial courts of their eligibility; the due date for this task was July 1, 2022. (§ 1172.75, subd. (b).) A defendant eligible for this relief is entitled to a full resentencing at which the court can reconsider all sentencing decisions under the law in effect at the time of the resentencing. (§ 1172.75, subds. (d)(1) & (d)(2); see also *People v. Espino* (2024) 104

---

defendant opposed a transfer back to the original sentencing court.

4

Cal.App.5th 188, 193, 195; *People v. Green* (2024) 104
Cal.App.5th 365, 373.)

We agree with the parties that the trial court erred in not
striking defendant's one-year sentencing enhancement for
serving a prior prison term. That prior prison term was for the
crime of assault with a deadly weapon, which is not a "sexually
violent offense." Because defendant is eligible for relief under
section 1172.75, we must presume that the Department has
discharged its duty under this statute to find him eligible and has
transmitted notice of his eligibility to the trial court (Evid. Code,
§ 664 ["It is presumed that official duty has been regularly
performed"]); indeed, the parties do not dispute this. Where, as
here, the Department has discharged its duties, the trial court
has jurisdiction to strike the pertinent enhancement even if the
defendant is the one who so requests. (*People v. Cota* (2023) 97
Cal.App.5th 318, 332-333; *People v. Coddington* (2023) 96
Cal.App.5th 562, 567, fn. 4.)

The appropriate remedy in this case is to reverse and
remand with directions to the trial court to strike the one-year
enhancement for serving a prior prison term.[4] Although a
defendant entitled to relief under section 1172.75 is ordinarily
entitled to a full resentencing hearing, that is unnecessary here
because the only other discretionary sentencing call for the trial

4      Although section 1172.75 obligates trial courts to
"complete" a resentencing by December 31, 2023 at the latest (§
1172.75, subd. (c)(2)), the trial court conducted the August 2023
resentencing hearing challenged here prior to the deadline. That
the trial court did not complete that task correctly, thereby
necessitating an appeal that extended beyond the December 2023
deadline, does not deprive us of the ability to correct that error by
ordering a post-deadline modification of the sentence.

court would be whether to strike the firearm enhancement,[5] and the trial court at the August 2023 resentencing hearing explained why it would not exercise its discretion to do so.

## DISPOSITION

The order is reversed, and the matter remanded for the trial court to strike the one-year enhancement for serving a prior prison term.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.[*]

HOFFSTADT


We concur:


_____, P.J.

LUI


_____, J.

ASHMANN-GERST

---

[5]     The base sentence of 25 years to life for first-degree murder is required by statute.  (§ 190, subd. (a).)

[*]     Justice of the Court of Appeal, Second Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.